**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | **Case No. 24-cr-00121-CRC** |
| | ) | |
| STEPHEN BAKER, | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

<u>**DEFENDANT STEPHEN BAKER'S MOTION TO MODIFY TERMS AND**</u>
<u>**CONDITIONS OF PRETRIAL RELEASE**</u>

William L. Shipley, Jr., Esq.
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

JAMES LEE BRIGHT
Attorney at Law
3300 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219
Office: 214-720-7777
JLBrightLaw@gmail.com

NOW COMES Defendant Stephen Baker, by and through his undersigned counsel or record, William L. Shipley and James Lee Bright, and respectfully requests this Court to modify the terms and conditions of pretrial release supervision.

## I. Procedural Background

On February 21, 2024, Defendant Baker was charged by way of a criminal complaint for violations of 18 USC 1752 (a)(1) and (a)(2) and 40 USC 5104 (e)(2)(D) and (e)(2)(G). *See* ECF No. 1.

On March 1, 2024, an arrest warrant for Defendant Baker was issued. *See* ECF No. 5.

Defendant Baker self-surrendered to the FBI's Dallas Field Office as arranged, and later that same day made an initial appearance in the Northern District of Texas before the Hon. Magistrate Judge Clinton Averitte.

During that initial appearance in the Northern District of Texas, <u>no detention hearing was conducted</u> as the Government did not move to detain the defendant. *See* ECF No. 11.

On March 7, 2024, a four-count Information was filed alleging the same four criminal violations as alleged in the Criminal Complaint.  *See* ECF No. 8.

On March 14, 2024, a Magistrate Judge in this District imposed what were referred to as the "standard" conditions of release during Mr. Baker's initial appearance in his District.  Among those conditions was a restriction on possessing or carrying a firearm; a requirement that Mr. Baker notify Pre-Trial Services (PTS) of any contact with law enforcement; and a requirement that Mr. Baker give notice to PTS of an intention to travel to the District of Columbia for employment. *See* ECF No. 13 at Pg. 2, lines "k", "s", and "t."

Because no detention hearing was held during either appearance, no finding was made in either district that Mr. Baker is a "flight risk" or "danger to the community."  The terms and conditions of release imposed in both districts are only appropriate after such findings at a detention hearing, with the conditions being imposed to mitigate those risks to the extent necessary to allow Mr. Baker to be released pending trial.  Because no factual basis was established that justified a need to impose conditions beyond that required by 18 U.S.C. Sec. 3142(b), all additional conditions imposed by Magistrates in both Districts should be removed by this Court.

Alternatively, if this Court determines that terms and conditions are appropriate, Defendant hereby requests that the specific conditions involving firearms possession, "contact with law enforcement," and "notice prior to travel into D.C." be modified as requested herein.

II.    **Argument**

      A.    The Order Imposing Terms and Conditions of Pretrial Release is Procedurally and Substantively Defective, and All Conditions Should Be Removed.

            1.    The Statutory Requirements of the Bail Reform Act For Imposing Terms and Conditions of Pretrial Release Were Not Met.

The Bail Reform Act authorizes several "carefully limited exception[s]" to the general norm that defendants are not to be detained prior to trial.  *United States v. Munchel*, 991 F.3d 1273, 1279 (D.C. Cir. 2021) (quoting *United States v. Salerno*, 481 U.S. 739, 755 (1987)).  The question of whether one of these exceptions applies is to be addressed by a "detention hearing."  But conducting a "detention hearing" has certain factual prerequisites – it does not occur in

every case brought by the Government – particularly where, as here, the only charged offenses are misdemeanors.

> Under the Bail Reform Act, 18 U.S.C. § 3141 et seq., a person awaiting trial on a federal offense may either be released on personal recognizance or bond, conditionally released, or detained. See 18 U.S.C. § 3142(a). The Act establishes procedures for each form of release, as well as for temporary and pretrial detention. Detention until trial is relatively difficult to impose. ***First, a judicial officer must find one of six circumstances triggering a detention hearing. See 18 U.S.C. § 3142(f). Absent one of these circumstances, detention is not an option.*** See, e.g., *United States v. Ploof*, 851 F.2d 7, 11 (1st Cir. 1988).

*United States v. Singleton*, 182 F.3d 7, 9 (D.C. Cir. 1999)(Emphasis added).

The first basis for holding a "detention hearing" is where the Government has filed a motion seeking detention, alleging that the defendant is charged with an offense falling in one of the categories enumerated under 18 U.S.C. § 3142(f)(1)(A)-(E).  There is no dispute here that the four misdemeanor offenses filed against Mr. Baker do not fall within any of those listed sub-sections. Thus, there is no factual basis that justified a detention hearing based on "danger to the community" – and the Government never asked for a detention hearing on that basis.

As noted in ECF No. 11, the Northern District of Texas Rule 5 documents, no detention hearing was conducted for Mr. Baker during his initial appearance in Texas.  This is expressly stated in the Rule 5 Order issued by the Texas federal magistrate – "No detention hearing is necessary because the Government did not move to detain the defendant."

The second basis for holding a detention hearing can come from a motion by the Government or upon the Court's own motion "*in a case that involves*" a serious risk that the defendant will flee or will obstruct justice or attempt to obstruct justice, or threaten, injure, or intimidate a prospective witness or

juror, or attempt to do so.  18 U.S.C. Sec. 3142(f)(2)(A)-(B).  A detention hearing based on concerns specified in Sec. 3142(f)(2) requires a factual foundation about the nature of the case or the nature of the defendant before it becomes a basis to conduct a detention hearing.  While the bar triggering the need to have a detention hearing on these two grounds is low, it is not non-existent.

The parties may proceed by proffer, and the Court's decision concerning whether to hold a detention hearing is "based on even less information than a decision to detain or release" a defendant.  *United States v. Singleton*, 182 F.3d at 9.  In other words, the determination pursuant to Section 3142(f) to hold a detention hearing in the first place requires less evidence than the determination pursuant to Section 3142(e) to detain a defendant, which is based on a preponderance of the evidence or clear and convincing evidence.  See *id.* (requiring greater evidence under Section 3142(f) "would blur two distinct statutory inquiries and would give more weight to fact-intensive analysis at an earlier stage of the case than Congress appears to have intended").

This case involves four misdemeanors.  Mr. Baker was first contacted by the FBI in August 2021 regarding his presence at the Capitol on January 6, 2021.  Mr. Baker sat for an interview in an FBI Field Office in October 2021.  Mr. Baker received a "Target Letter" from a DOJ prosecutor advising him he would likely be charged with one or more felony offenses.  Mr. Baker received a grand jury subpoena for all videos he recorded at the Capitol, and he complied with that subpoena.  Mr. Baker has been advised on no fewer than three separate occasions prior to his arrest on March 1, 2024, that his indictment and arrest were imminent.  Notwithstanding this history, as set forth in more

detail herein, Mr. Baker has repeatedly and continually since January 2021

entered the District of Columbia, gone to the United States Capitol, and visited

the Prettyman Federal Courthouse in his role as a journalist right up to the

date of the filing of this motion.  These facts undermine any justification for

conducting a detention hearing on the basis of "risk of flight."

Similarly, the Government has not alleged – and there is no factual basis

otherwise – that Mr. Baker poses a threat to these proceedings through

"obstructive" conduct.  He sat for an interview and responded to a grand jury

subpoena by producing the materials he was required to produce.

Only after the Court concludes that the statute authorizes it to hold a

detention hearing does it then turn to the question of release conditions.  18

U.S.C. § 3142(e)(1); *United States v. Munchel*, 991 F.3d at 1279.  After finding

that such a risk of flight/obstruction and/or danger to the community exists,

the Court then turns to the question of whether there is a condition or

combination of conditions to mitigate the risk(s) in a way that reasonably

assures the safety of the community and/or the appearance of the defendant,

taking into consideration the factors set forth at 18 U.S.C. § 3142(g):

> (1) the nature and circumstances of the offense charged, including
> whether the offense is a crime of violence, a violation of section
> 1591, a Federal crime of terrorism, or involves a minor victim or a
> controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person; (3) the history and
> characteristics of the person, including—
>     (A) the person's character, physical and mental condition,
> family ties, employment, financial resources, length of
> residence in the community, community ties, past conduct,
> history relating to drug or alcohol abuse, criminal  history, and record
> concerning appearance at court proceedings; and
>     (B) whether, at the time of the current offense or arrest, the
> person was on probation, on parole, or on other release pending trial,
> sentencing, appeal, or completion of sentence for an offense under
> Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g)(1)-(4).  See *United States v. Singleton*, 182 F.3d at 9.

Pretrial conditions of release must be "reasonably calculated to fulfill" the sought purpose of mitigating the identified risks. *See Galen v. County of Los Angeles*, 477 F.3d 652, 659-60 (9th Cir. 2007); *United States v. Kennedy*, 593 F. Supp. 2d 1221 (W.D. Wash. 2008).  Where no "purpose" for the imposed release conditions was ever established in fact, the imposed conditions are not "calculated" to address anything.

> 2.    There Is No Basis in the Record Establishing That Mr. Baker's Release Would Constitute a Risk of Flight/ Obstruction and/or Danger to the Community That <u>Justifies The Conditions of Pretrial Release Imposed</u>.

The D.C. Circuit recently held that "to order a defendant preventatively detained, a court must identify an articulable threat posed by the defendant to an individual or the community." *United States v. Munchel*, 991 F.3d at 1283. This threat "must also be considered in context" and "whether a defendant poses a particular threat depends on the nature of the threat identified and the resources and capabilities of the defendant." *Id.*

The Government did not seek to detain Mr. Baker on the basis that his release without conditions would pose a threat to the safety of the community. As such, there has never been a finding that Mr. Baker's release without conditions posed the kind of articulable threat posed to the safety of the community that could only be mitigated by the imposition of a condition or combination of conditions on his pretrial release.  As such, the terms and conditions of release already imposed which serve to mitigate such a non-existent threat to the safety of the community violate Sec. 3142(b).

Similarly, because no detention hearing was held in the Northern District of Texas, there was no factual determination made by that court that Mr. Baker posed a "risk of flight" or a threat to obstruct the proceedings that warranted the imposition of conditions to mitigate either concern as contemplated by Sec. 3142(f)(2).  To the extent that conditions imposed in that district are intended to mitigate either of those risks, those conditions also lack a factual basis and are not authorized by the Bail Reform Act.

In sum, no proceedings have been conducted where a judicial officer made a determination that Mr. Baker posed any of the risks identified in the Bail Reform Act for which conditions called for under Section 3142(c) are authorized.  All conditions currently imposed on Mr. Baker beyond those listed in Section 3142(b) should be removed.

B.    Even if the Proceedings Before The Magistrate(s) Are Deemed To Have Been a Statutorily Authorized Detention Hearing, No Factual Basis Was Made as to Mr. Baker Being A "Risk of Flight" or "Danger to the Community" That Justifies the Conditions of Release Imposed To Mitigate Such Risks.

Assuming *arguendo* that either appearance before the Magistrate Judges was a "detention hearing" as contemplated by Sec. 3142(f), there was no factual basis established that Mr. Baker was a flight risk or a threat to obstruct these proceedings such as would warrant the conditions of release that have been imposed on him.

The only factual allegations before either Court would have been those set forth in the Affidavit filed in support of the Criminal Complaint dated February 21, 2024.  *See* ECF No. 1.   But the Affidavit includes no references to any violent or obstructive conduct by Mr. Baker, nor does it reflect any basis to believe that there was a "risk of flight" with respect to Mr. Baker.  Thus, the allegations of the Affidavit standing alone provide no basis to determine that conditions of pretrial release were needed to mitigate any risk that would have warranted the detention hearing, or that a defendant might be detained absent the imposition of conditions.

Because the conditions imposed have no relationship to a risk of harm sought to be prevented by the Bail Reform Act, the conditions imposed are not justified under the Act.  All conditions imposed, other than those authorized for a "personal recognizance" under Sec. 3142(b), should be removed by this Court.

       C.    Even If This Court Concludes the Conditions Were Properly Imposed, Mr. Baker Requests Modification of Three of the Conditions Based on the Specific Facts and Circumstances of His Case.

           1.    Defendant Baker Should Retain His Right to Possess and Carry a Firearm for Personal Protection When Not <u>At His Residence In North Carolina</u>.

                a.    There Has Been No Particularized Showing To Justify a Suspension of Mr. Baker's Second Amendment Right To Keep and Bear Arms for <u>Self-Protection</u>.

In the hearings before Magistrate Judges in both the Northern District of Texas and the District of Columbia, the Government requested and the Court imposed without modification the "special" condition of release with regard to

possession of firearms, i.e., that Mr. Baker "not possess a firearm, destructive device, or other weapon."

Mr. Baker is charged with four misdemeanors.  Convictions on any/all of those charges will not implicate his right to keep and bear firearms under the Second Amendment as he would not be a "disqualified" person under federal law.

In the *District of Columbia v. Heller,* the Supreme Court held that "the Second Amendment conferred an individual right to keep and bear arms." *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008). While *Heller* also carved out exceptions for depriving certain classes of individuals of their Second Amendment rights, this list was limited to felons, the mentally ill, schools, and conditions on commercial sales. See *Id.*, 128 S. Ct. at 2786. The *Heller* list of exceptions did not include individuals charged with misdemeanors in federal court who might be subject to pretrial release conditions.

Following *Heller*, the U.S. District Court for the Southern District of New York reviewed in detail how *Heller* applied to pretrial release conditions and found that "there is no basis for categorically depriving persons who are merely accused of certain crimes of the right to legal possession of a firearm." *United States v. Arzberger*, 592 F. Supp. 2d 590, 602 (S.D.N.Y. 2008).

In *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1, 142 S.Ct. 2111 (2022) the Supreme Court struck down a New York State law requiring that an applicant for an unrestricted license to carry a firearm outside the home for self-defense must establish "proper cause."  The Court held that one purpose of the Second Amendment was to allow self-protection that extends beyond the home.

Mr. Baker is the lawful owner of one or more firearms, he has the necessary license(s) where required to carry such firearms in a concealed fashion, and has always complied with the firearms laws of every state he travels to for employment purposes.  Before *Bruen*, when Mr. Baker would travel to the D.C. metropolitan area, he would stay in a hotel in Northern Virginia and leave his firearm at the hotel before crossing into the District of Columbia to comply with the District's firearms laws.

Mr. Baker's case has attracted significant coverage in all forms of media, and he has received numerous threatening communications in social media postings as well as direct messages via social media and text messages to his phone.  One individual – known to Mr. Baker due to his expressions of hostility online -- traveled to Dallas, Texas following Mr. Baker's arrest and court appearance there, and went to the location of Mr. Baker's employer in Dallas in order to seek him out.   This individual was monitored by the security personnel of Mr. Baker's employer, before departing without being able to contact Mr. Baker.  That individual later posted video on social media of his visit to Mr. Baker's place of employment and attempt to confront him.

In addition to the status of Supreme Court jurisprudence on Mr. Baker's Second Amendment rights, there are other grounds upon which those rights need to be protected by this Court pursuant to the Constitution.

The Excessive Bail Clause of the Eighth Amendment applies to conditions of pretrial release. See *United States v. Salerno*, 481 U.S. 739, 754 (1987) (holding "the Government's proposed conditions of release or detention not be 'excessive' in light of the perceived evil'").  Narrow tailoring of pretrial release conditions is part of this Court's obligation to otherwise preserve Mr.

Baker's rights pursuant to Eighth Amendment's prohibition on excessive bail conditions.

The Due Process clause of the Fifth Amendment entitles a defendant to protection from deprivation of his constitutional rights through individualized and particularized consideration of such requested deprivations. See *United States v. Kennedy*, 593 F. Supp. 2d 1221 (W.D. Wash. 2008). This is also why 18 U.S.C. Sec. 3142(c)(1)(B), which operates under the Bill of Rights' protection of his liberty interests, requires this Court to release the defendant "subject to the <u>least</u> restrictive" condition or combination of conditions, and requires that any imposed conditions be "reasonable."  The careful particularization of the harm that the pretrial release condition is meant to address is both a statutory and a constitutional obligation the Court is obligated to provide to every defendant.  As noted above, no particularized harm has been established with regard to Mr. Baker being a "danger to the community", which is the basis for the imposition of a "no firearms" condition.  Such a condition cannot be imposed as a preventative measure in every case – it must be linked to an articulable threat of future harm that might result from a defendant's release pending trial.  *United States v. Munchel*, 991 F.3d at 1283.  This obligation is even greater after *Bruen*, as Mr. Baker's Second Amendment right to possess and carry a firearm outside his residence is now expressly linked to his right to defend himself against others who might intend him harm.

A deprivation of his Second Amendment right to possess a firearm for his personal protection without a necessary basis to do so constitutes excessive bail and a violation of Mr. Baker's right to due process, in addition to being violative of the "least restrictive" limitation required by the text of 18 U.S.C. §

12

3142(c).  See also *Arzberger*, 592 F. Supp. 2d at 605-606 ("Conditioning pretrial release on the relinquishment of constitutionally protected rights in circumstances where the conditions are not necessary to satisfy legitimate governmental purposes would constitute excessive bail in violation of the Eighth Amendment.")

Further, Mr. Baker shares his North Carolina residence with a disabled Army veteran.  Mr. Baker provides living assistance to his roommate when at the residence they share.  Mr. Baker's roommate owns a collection of firearms that are kept in a locked gun safe in the residence.  Mr. Baker does not have access to the firearms locked in that gun safe.

The nature of the restriction as currently imposed would force Mr. Baker to relocate or for his roommate to remove his weapons from the residence they share.  This would be an unwarranted and unjustified hardship in this case where only misdemeanor offenses are charged.

On this basis, Mr. Baker requests that the firearms restriction be modified to allow him to possess and carry a firearm while traveling away from his residence for business or personal reasons, and in compliance with state and local laws regarding such possession wherever he may be.

> B.     Mr. Baker Should Not Be Required To Report Contacts With Law Enforcement Unless The Contact Involves An Investigation of Mr. Baker.

The language of the condition requiring him to report contacts with law enforcement reads that Mr. Baker must "[R]eport as soon as possible, to the pretrial services or supervising officer, <u>every contact</u> with law enforcement personnel, including arrests, questioning, or traffic stops."  (Emphasis added.)

Since January 6, 2021, and continuing to the date of this motion, Mr. Baker has pursued a series of investigations as a journalist into the events of that day and various criminal prosecutions that have followed.  He is currently employed full-time as an investigative journalist with Blaze Media of Dallas, Texas.  Among the subjects that Mr. Baker has reported on are issues involving the internal operations of the U.S. Capitol Police and the Department of Justice.  He has also extensively reported on court testimony of various members of the U.S. Capitol Police and FBI in multiple trials involving the events of January 6, raising questions about the truthfulness of their testimony when considering other evidence known to the government.

During this work, Mr. Baker has developed many contacts and sources of information in federal law enforcement agencies, including in the U.S. Capitol Police.  He has made promises of confidentiality to many of these sources in exchange for the information they have provided, and most remain confidential and in contact with him notwithstanding the pending charges.

Requiring Mr. Baker to report "every" contact with law enforcement would include individuals currently providing information that informs his work as a journalist.  It would almost certainly cause law enforcement sources to stop communicating with him.  That condition constitutes an infringement on his First Amendment right to gather information and report on the activities of government agencies and actors.

Mr. Baker requests that this restriction be modified to eliminate the word "every" and that the condition be limited to contacts with law enforcement in instances where Mr. Baker is investigated for an alleged violation of some

statute or regulation, and not include any contacts with law enforcement that are part of his work.

        C.    Mr. Baker Should Not Be Required To Provide Notice Of His <u>Travel Into the District of Columbia</u>.

The Government is aware that Mr. Baker has for more than a year been working with multiple committees of Congress conducting oversight and investigative activities related to the events of January 6.  Mr. Baker began working directly with Members and Staff of these committees in February 2023.  This includes regular visits to the Capitol where he is given access to evidence collected by the committees – including all video in the possession of Congress -- and works together with Members and staff on various issues under review.

Since January 6, 2021, Mr. Baker has made literally dozens of trips to the greater D.C. metropolitan area.   During those trips, he has come into the District of Columbia hundreds of times – including to the Prettyman Federal Courthouse where he is a regular observer of legal proceedings involving defendants charged in connection with the events of January 6.

Requiring Mr. Baker to "report" his plans to travel into the District – when the only purpose of that travel is to meet with Members of Congress and their staffs as part of his work as a journalist -- intrudes on his First Amendment rights.  Mr. Baker has been traveling to the District of Columbia without having to report to anyone for more than 36 months without issue. There is no factual basis that justifies giving notice of his reporting simply because he's now charged with four misdemeanors.  On that basis, Mr. Baker requests that this condition be removed.

**CONCLUSION**

Based on the foregoing, this Court should grant Defendant Baker's Motion to eliminate all conditions of pretrial release currently imposed upon him other than those conditions set forth in Sec. 3142(b) where a "personal cognizance" release is ordered.  Alternatively, to the extent conditions of release remain, to modify the terms and conditions with respect to possession of firearms, reporting notice of contact with law enforcement, and reporting plans to travel to the District of Columbia as set forth above.


Dated: April 19, 2024               Respectfully submitted,

                                    /s/ William L. Shipley
                                    William L. Shipley, Jr., Esq.
                                    PO BOX 745
                                    Kailua, Hawaii 96734
                                    Tel: (808) 228-1341
                                    Email: 808Shipleylaw@gmail.com


                                    /s/ James Lee Bright
                                    JAMES LEE BRIGHT
                                    Attorney at Law
                                    State Bar No.: 24001786
                                    3300 Oak Lawn Avenue, Suite 700
                                     Dallas, Texas 75219
                                    Office: 214-720-7777
                                    JLBrightLaw@gmail.com

## **CERTIFICATE OF SERVICE**

I, William L. Shipley, hereby certify that on this day, April 19, 2024, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

/s/ William L. Shipley
William L. Shipley, Jr., Esq.