UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No. 24-cr-121 CRC |
| | : | |
| STEPHEN BAKER, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO CONTINUE**

The United States, by and through its attorney the United States Attorney for the District of Columbia, respectfully opposes the defendant's motion to continue, ECF No. 30, based on a close-in-time proximity of the trial date to the 2024 presidential election. The defendant's concerns can be addressed by this Court during jury voir dire.

## Introduction

In this January 6 prosecution, Stephen Baker asks this Court to presume bias of the entire jury pool. Instead of seeking a trial in a new venue, knowing that the request has been lawfully and correctly rejected in hundreds of cases, the defendant seeks to delay his trial for an unspecified amount of time. He argues that the entire jury pool will be too emotional following the 2024 presidential election to produce 12 rational and rule-abiding jurors to consider the facts of his case. His argument is based solely on his own beliefs, without the benefit of juror voir dire. This Court should deny his motion.[1]

---

[1] The government is aware that one of the defendant's counsel is already scheduled to be in trial in *United States v. Slaughter et al.*, 22-cr-354 RCL, on November 12, 2024. LCrR 57.5(c)(3) requires, "Attorneys are obliged to take action immediately upon becoming aware of any conflict and specifically to call the conflicting engagements to the attention of the judge being asked to yield, and to pursue the matter until the conflict is resolved." Trial in *Slaughter* was set on April 9, 2024. *See* 22-cr-354 RCL ECF No. 107. Counsel has filed a similar motion in the *Slaughter* case suggesting he knows of the conflict. LCrR 57.5(b)(1) gives priority to the trial scheduled in the *Slaughter* case.

Stephen Baker knowingly joined a violent mob that overran the Capitol on January 6, 2021. Despite fencing, signs, uniformed police officers, and other clear indications that he should not approach—and subsequently enter—the Capitol building, the defendant did so. For his actions, knowledge, and conduct on January 6, 2021, the defendant is charged with four misdemeanor counts. The defendant is represented by four separate attorneys. *See* ECF Nos. 6, 7, 10, and 12 (Defense Notices of Appearance).

On March 7, 2024, an information alleging four misdemeanor violations was filed. ECF No. 8. The defendant pled not guilty to each offense on April 3, 2024. At a status hearing on June 6, 2024, this Court considered timing of a trial by noting, "We've been at this for three months or so, the information came in. It's misdemeanors. All the specific discovery has been provided. Sometime in the fall, Mr. Shipley?" Transcript of Status Conference at 6, *United States v. Baker*, 24-cr-121 CRC, June 3, 2024. The defense then indicated, "I really can't get into anything until after Thanksgiving." *Id*.

On June 7, 2024, this Court ordered trial to begin on November 12, 2024. ECF No. 27 (Pre-Trial Order). The trial date conflicts with a previously scheduled trial for one of Mr. Baker's attorneys. November 5, 2024 is national election day.

**Argument**

Questions related to jury fairness are not new in the January 6 context. Numerous January 6 defendants have moved to change the venue of their prosecutions, and those motions have been consistently denied by members of this Court. One such ruling was appealed to the United States Court of Appeals for the D.C. Circuit. That Court framed "the essential question: Can the District's potential jurors 'lay aside [their] impression or opinion' of [the defendant] or events on January 6th and 'render a verdict based on the evidence presented in court'?" *United States v. Webster*, 102

2

F.4th 471, 480 (D.C. Cir. 2024) (quoting *United States v. Nassif*, 628 F.Supp.3d 169, 187 (D.D.C. 2022)). Importantly, the court continued, "the *political inclinations of a populace writ large say nothing about an individual's ability to serve impartially* in adjudicating the criminal conduct of an individual." *Id*. at 481 (emphasis added). In resolving the legal issue, the Circuit held, *inter alia*, that the voir dire process is critical to ensuring the lack of prejudice on the part of a juror. *Webster*, 102 F.4th at 481-81. So too here.

The defendant posits, "If a Democrat party nominee is elected President, many will be seeking vengeance . . .[,] if a Republican party nominee wins: people will be looking for someone to punish . . .." ECF No. 30, p. 4. But this unsupported assumption does not provide a basis to show that twelve individual jurors cannot be found to serve impartially, even if empaneled one week after the first part of the presidential election.[2] The District's potential jurors can still lay aside their opinions and determine the facts at issue in this case fairly, and this Court can engage in an exacting "process . . . to smoke out bias." *Webster* 102 F.4th at 481.

Here, the defendant's concerns will still be addressed through voir dire. The Supreme Court observed in *Skilling v. United States*, 561 U.S. 358 (2010), that voir dire was "well suited to th[e] task" of probing the crime's "widespread community impact." 561 U.S. at 384. And the Court has said that "[i]t is fair to assume that the method we have relied on since the beginning"—voir dire—"usually identifies bias." *Patton v. Yount*, 467 U.S. 1025, 1038 (1984) (citing *United States v. Burr*, 25 F. Cas. 49, 51 (C.C.D. Va. 1807) (Marshall, C.J.)).

Similarly, the D.C. Circuit has said that "voir dire has long been recognized as an effective method of routing out [publicity-based] bias, especially when conducted in a careful and

---

[2] The parties have not discussed whether 12 jurors will decide the facts of this case. *See* Fed. R. Crim. P. R 23(b) and (c).

thoroughgoing manner." *In re Nat'l Broadcasting Co.*, 653 F.2d 609, 617 (D.C. Cir. 1981); *see Haldeman*, 559 F.2d at 63 ("[I]f an impartial jury actually cannot be selected, that fact should become evident at the voir dire."). The same is true here.

Moreover, that opposing counsel has an apparent scheduling conflict in *United States v. Slaughter* (*see* supra, fn. 1) should not dictate the start of this trial. "The Sixth Amendment right to choose one's own counsel is circumscribed in several important respects." *Wheat v. United States*, 486 U.S. 153, 159 (1988). "The right 'cannot be insisted upon in a manner that will obstruct an orderly procedure in courts of justice, and deprive such courts of the exercise of their inherent powers to control the same.'" *United States v. Burton*, 584 F.2d 485, 489 (D.C. Cir. 1978) (quoting *Lee v. United States*, 235 F.2d 219, 221 (D.C. Cir. 1956)). "We have recognized a trial court's wide latitude in balancing the right to counsel of choice against the needs of fairness . . . and against the demands of its calendar." *United States v. Gonzales-Lopez*, 548 U.S. 140, 152 (2006). But "there is no Supreme Court precedent—including *Gonzalez-Lopez*—that squarely addresses the scope of the right to counsel of choice in the multiple-counsel context." *Abby v. Howe*, 742 F.3d 221, 227 (6th Cir. 2014).

Here, the defendant has retained *four* separate attorneys for a relatively straightforward case involving tried and true misdemeanor counts. Coupled with the fact that a robust voir dire can effectively protect the defendant's right to a fair and impartial jury, the Court should deny the defendant's request. His motion for a continuance for an unspecified period of time due to an unspecified degree of harm should thus be rejected. This Court need not continue the trial date.

**Conclusion**

This Court need not presume such an extreme bias of the District's entire jury pool.

Moreover, to the extent the defendant seeks to move his trial date in light of counsel's apparent scheduling conflict in *United States v. Slaughter et al.*, the government respectfully requests this be denied as well.

    Respectfully submitted,

    MATTHEW M. GRAVES
    United States Attorney
    D.C. Bar No. 481052

    *Adam M. Dreher*
    ADAM M. DREHER
    Assistant United States Attorney
    Michigan Bar No. P79246
    601 D St. NW
    Washington, D.C. 20530
    (202) 252-1706
    adam.dreher@usdoj.gov