UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 24-cr-121-CRC |
| v. : | |
| : | |
| STEPHEN BAKER, : | |
| : | |
| Defendant. : | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S NOTICE
FOR TRIAL BY MAGISTRATE JUDGE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the defendant's notice for trial by United States Magistrate Judge because good cause exists for this Court to retain jurisdiction of the case.

Two months before trial, and after this Court denied the defendant's motion to continue the trial date, *see* Minute Order (Aug. 23, 2024), the defendant has—for the first time—expressed an intent to waive trial, judgment, and sentencing, by a district judge pursuant to 18 U.S.C. § 3401(b). On March 1, 2024, United States Magistrate Judge Clinton E. Averitte, in the Northern District of Texas, advised the defendant that he would have the opportunity to consent to trial and sentencing by a United States Magistrate Judge. *See* Transcript of Proceedings, 24-mj-205-RB dated March 1, 2024, N.D. Tex., p. 19-20. The defendant did not make such an election at that time. Now, two months before the trial date and after the parties have filed pretrial motions that remain pending with this Court, *see* ECF Nos. 35-39, the defendant now informs this Court that he wishes to consent to have his trial before a United States Magistrate Judge. This action does not require the Court to void its schedule and direct a magistrate judge to hear the case.

## I.     Legal Background

United States Magistrate Judges are granted jurisdiction under 18 U.S.C. § 3401(a) to "try persons accused of, and sentence persons convicted of, misdemeanors committed within that judicial district." This jurisdiction is limited to those districts that have "specially designated" the ability for United States Magistrate Judges to exercise such jurisdiction. *Id.* The District of Columbia has specially designated its magistrate judges to exercise such jurisdiction. *See* LCrR 58(a). United States Magistrate Judges are then conferred power "to conduct trial under section 3401, title 18, United States Code, in conformity with and *subject to the limitations of that section* . . . ." 28 U.S.C. § 636(a)(3) (emphasis added).

A magistrate judge, under 18 U.S.C. § 3401(b), may not "proceed to try the case unless the defendant . . . *expressly consents* to be tried before the magistrate judge and expressly and specifically waives trial, judgment, and sentencing by a district judge" (emphasis added).

Following such consent, subsection (f) still permits a District Judge to "order that proceedings in any misdemeanor case be conducted before a district judge rather than a United States magistrate judge . . . ." 18 U.S.C. § 3401(f). This order can occur either "upon the court's own motion or, *for good cause shown*, upon petition by the attorney for the Government." *Id*. (emphasis added).

## II.    Argument

Title 18, United States Code Section § 3401(b) contemplates that a defendant can elect—and expressly consent to—trial before a magistrate judge while the case is still *in front of* the magistrate judge. At this point in the instant case, however, the jurisdiction of the case is no longer with the magistrate judge. The language limiting the authority of the magistrate judge in no way limits the authority of the District Judge to try the case.

The statute reads, "Any person charged with a misdemeanor, other than a petty offense may elect, however, to be tried before a district judge for the district in which the offense was committed." 18 U.S.C. § 3401(b). But the magistrate judge "may not proceed to try the case unless the defendant, after such explanation, *expressly consents* to be tried before the magistrate judge . . . ." *Id*. (emphasis added). Further, at the initial appearance following the filing of a charging document, the magistrate judge "must order a defendant who does not consent to trial before a magistrate judge to appear before a district judge for further proceedings." Fed. R. Crim. P. 58(b)(3)(B). At that point, the magistrate judge no longer has jurisdiction over the case.

Here, the defendant failed to consent at his initial appearance, and the magistrate judge ordered the defendant to appear before this Court for further proceedings. The defendant had ample opportunity to announce his election before the parties had briefed motions and undertaken trial preparations in this Court. The purpose behind 18 U.S.C. § 3401 is to promote judicial economy. Further, the Federal Rules of Criminal Procedure are to "provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay." Fed. R. Crim. P. R 2. The defendant's election to be tried by a magistrate judge two months before his scheduled jury trial in front of this District Judge is anything but economical of the Court's time and resources.

Three months after the filing of the Information, this Court held a status hearing on this case. The Court addressed the defense, "We've been at this for three months or so, the information came in. It's misdemeanors. All the specific discovery has been provided. Sometime in the fall, Mr. Shipley?" Transcript of Status Conference, June 3, 2024, p. 6, ln. 1-4. The defense replied that it expected motions to be filed, including a motion related to a claim of selective prosecution. The defense then explained there was nothing further on the status of the case. *Id*. p. 8, ln. 15.

Since that hearing, the Court entered a pretrial scheduling order setting November 12, 2024, as the start of jury trial. ECF No. 27. After the setting of the date, the defense filed a motion to continue trial on July 23, 2024. ECF No. 30. The Court denied that motion as premature on August 23, 2024. *See* Minute Order (Aug. 23, 2024). At the scheduled motion filing deadline, the government filed four motions *in limine*. ECF No. 35, 36, 37, 38. The defense filed an additional motion seeking to dismiss counts one through four. ECF No. 39. With those motions still pending, and eleven days after the motion filing deadline, the defense filed a 'notice' for trial by magistrate judge. ECF No. 41.

Such an election at this point requires the government's consent.[1] In each of the prior instances where the government did not object to a late election of trial before a magistrate judge in a January 6 case, the election still occurred in advance of motion practice. The same cannot be said in the present case.

In this case, the defendant has similarly not shown "good cause" to proceed in this fashion at this time. Both parties and the Court have trials scheduled in multiple matters. Additionally, there is active litigation before this Court on issues of trial importance.

---

[1] *See generally*, *United States v. Nancy Barron*, 22-cr-89-APM, ECF No. 35 (parties consented to trial by magistrate judge); *United States v. Rebecca Lavrenz*, 23-cr-66-RC, ECF No. 37 (government did not oppose the motion after Judge Contreras ordered a response); *United States v. Cindy Young*, 23-cr-241-TSC, ECF No. 18 (government did not oppose a motion after Judge Chutkan's order for response); *United States v. Jared Kastner*, 21-cr-725-RDM, ECF No. 73 (government had no objection to the defendant's motion after Judge Moss ordered a response).

**III.     Conclusion**

Because the defendant failed to elect trial before a magistrate judge until two months prior to his schedule trial, this Court should deny the defendant's motion to be tried before a magistrate judge.

                          Respectfully Submitted,

                          MATTHEW M. GRAVES
                          United States Attorney
                          D.C. Bar No. 481052

By:     /s/ *Adam M. Dreher*
        ADAM M. DREHER
        Assistant United States Attorney
        Michigan Bar No. P79246
        601 D St. NW
        Washington, D.C. 20530
        (202) 252-1706
        adam.dreher@usdoj.gov