UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v.                                                      )<br>)<br>STEPHEN BAKER,                          )<br>)<br>)<br>          Defendant           )<br>) | Case No. 24-cr-00121-CRC |

**DEFENDANT STEPHEN BAKER'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT BAKER'S NOTICE FOR TRIAL BY MAGISTRATE JUDGE**

William L. Shipley, Jr., Esq.
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

Rules of statutory construction lead to a different conclusion than that set forth in the Government's opposition.  As the D.C. Circuit stated in *United States v. Barnes*

> In construing a statute, we look first for the plain meaning of the text. If the language of the statute has a "plain and unambiguous meaning," our inquiry ends so long as the resulting "statutory scheme is coherent and consistent." *See United States v. Wilson,* 290 F.3d 347, 352 (D.C.Cir.2002) (quoting *Robinson v. Shell Oil Co.,* 519 U.S. 337, 340, 117 S.Ct. 843, 846, 136 L.Ed.2d 808 (1997) (internal quotations omitted)). Whether statutory language is plain depends on "the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Id.* (quoting *Robinson,* 519 U.S. at 341, 117 S.Ct. at 843).

295 F.3d 1354, 1359 (D.C. Cir. 2002).

The statute at issue here, 18 U.S.C. Sec 3401(b) reads as follows:

> Any person charged with a misdemeanor, other than a petty offense may elect, however, to be tried before a district judge for the district in which the offense was committed. The magistrate judge shall carefully explain to the defendant that he has a right to trial, judgment, and sentencing by a district judge and that he may have a right to trial by jury before a district judge or magistrate judge. The magistrate judge may not proceed to try the case unless the defendant, after such explanation, expressly consents to be tried before the magistrate judge and expressly and specifically waives trial, judgment, and sentencing by a district judge. Any such consent and waiver shall be made in writing or orally on the record.

As the statute makes clear, the admonition referenced within the statute is presumed to be given after the filing of a charging document.  A criminal complaint is not a charging document.

The practice in this District is that the arraignment and entry of a plea after the filing of an information or indictment – in both felony and misdemeanor-only cases -- always occurs before the assigned District Judge.  As a result, in this district, a defendant never appears before a Magistrate

after being charged in an all-misdemean or case and instructed concerning his/her options by a Magistrate that are contemplated by the language of Sec. 3401(b).

The language of Fed. R. Crim P. 58(b), cited by the Government, also contemplates a procedural practice that is not followed in this District.  By its language Rule 58(b) presumes and appearance before a magistrate following the filing of a charging document, at which point in an all-misdemeanor case a defendant is expressly told of his right to have his case heard by a district court judge, and contemplates an election by a defendant to remove his case from the docket of the magistrate judge and transfer it to the docket of a district judge. But the practice in this Court is that immediately upon the filing of an information or indictment, all matters -- including those involving only misdemeanor charges – are assigned to the docket of a district judge without a defendant being given the option of having his/her case remain pending before the magistrate judge as contemplated by the language of the Rule.  ed.  The first opportunity a criminal defendant in this district has to exercise his rights under LCrR 58 or Sec. 3401 only arise after arraignment and plea which in this district occur in all cases before a District Court Judge and not a Magistrate Judge.

In fact, the language of Sec. 3104(f) creates a hurdle for the Government to overcome in order to place a misdemeanor case on the docket of a district judge:

> The district court may order that proceedings in any misdemeanor
> case be conducted before a district judge rather than a United
> States magistrate judge upon the court's own motion or, for ***good***

>***cause*** shown, upon petition by the attorney for the Government. Such petition should note the novelty, importance, or complexity of the case, or other pertinent factors, and be filed in accordance with regulations promulgated by the Attorney General.

*See* 18 U.S.C. Sec. 3401(f) (emphasis added). Again, the statute contemplates that misdemeanor cases be set on a magistrate's docket, and should be moved to the docket of a district judge only 1) upon election by the defendant, 2) sua sponte by the district judge, or 3) upon a showing of "good cause" in a petition made by the government.

When a misdemeanor-only case is automatically set upon the docket of a district judge by the filing of an information or indictment, none of these three options are allowed to come into play as contemplated by the statute. As to the first option, "consent" of the Government is not necessary so the Government's "objection" as presented here is irrelevant.

Even to the extent the "good cause" requirement of Sec. 3104(f) can be read to be a basis for objecting to removal of the case from a district judge's docket to a magistrate judge's docket, the objection filed by the Government does not establish "novelty, importance, or complexity of the case, or other pertinent factors" that support the Government's objection to the Defendant's election.

 The procedure described by the Government does not match the local practices of this district. As a result, the Government cannot assert the failure of the defendant to strictly comply with Rule 58 when the local practice in this district does not afford a defendant the opportunity to exercise the option

afforded to them by the rule i.e. to have a misdemeanor only case <u>remain</u> with the magistrate or to <u>elect</u> to exercise their right to have the case tried before a District Court Judge and to have that District Court Judge impose a sentence based on the outcome of that trial.

Finally, LCrR 58(a) provides that a magistrate judge may conduct trials (with or without a jury), accept pleas, impose sentence, and otherwise exercise jurisdiction in cases of misdemeanor offenses in accordance with 18 U.S.C. § 3401 and Rule 58, and is ***silent*** with respect to conferring upon the Government any right to argue against the election by a defendant in a misdemeanor only case to have the matter proceed before a magistrate judge.

Based on the foregoing, this Court should enter an order referring Defendant Baker's case for random assignment to a Magistrate Judge in this District Defendant Baker's election to do so under 18 U.S.C. Sec 3401(b).

Dated: September 20, 2024         Respectfully submitted,

*[signature]*
_____
William L. Shipley, Jr., Esq.
PO BOX 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com