# United States Court of Appeals
#### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 24-3082**                                           **September Term, 2024**

**1:24-cr-00121-CRC-1**

**Filed On:** September 9, 2024

United States of America,

      Appellee

  v.

Stephen Michael Baker, also known as
Stephen Baker,

      Appellant

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

    **BEFORE:**    Millett, Pillard, and Pan, Circuit Judges

**J U D G M E N T**

      This appeal was considered on the record from the United States District Court for the District of Columbia and on the memoranda of law and fact filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C. Cir. Rule 36. It is

      **ORDERED AND ADJUDGED** that the district court's June 3, 2024, order denying appellant's motion for reconsideration be affirmed. The district court did not abuse its discretion in denying that motion. See United States v. Trabelsi, 28 F.4th 1291, 1297 (D.C. Cir. 2022). Because appellant failed to timely argue that the district court could not impose pretrial release conditions without holding a detention hearing, we review that argument for plain error. See United States v. Hunt, 843 F.3d 1022, 1029 (D.C. Cir. 2016). In that regard, the district court did not plainly err because appellant has identified no "controlling precedent on the issue or some other 'absolutely clear' legal norm." United States v. Pyles, 862 F.3d 82, 88 (D.C. Cir. 2017) (quoting United States v. Nwoye, 663 F.3d 460, 466 (D.C. Cir. 2011)); see also, e.g., Olmos v. Holder, 780 F.3d 1313, 1325 (10th Cir. 2015) (noting that prosecutors may seek release conditions "without a detention hearing"); United States v. Fidler, 419 F.3d 1026, 1028 (9th Cir. 2005) (per curiam) (explaining that 18 U.S.C. § 3142(c), "which governs the procedures for issuing a release order, does not direct that a full hearing

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 24-3082**　　　　　　　　　　　　　　　　　**September Term, 2024**

following the guidelines set out in § 3142(f) be held either before or after the release order is issued"). Nor did the district court clearly err in maintaining the conditions that appellant not possess a firearm and that he notify the Pretrial Services Agency before traveling to Washington, D.C. See United States v. Hale-Cusanelli, 3 F.4th 449, 454–55 (D.C. Cir. 2021).

　　　Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

　　　　　　　　　　　　　　　　　**FOR THE COURT:**
　　　　　　　　　　　　　　　　　Mark J. Langer, Clerk

　　　　　　　　　　　　　BY:　/s/
　　　　　　　　　　　　　　　　　Daniel J. Reidy
　　　　　　　　　　　　　　　　　Deputy Clerk