UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | No. 24-cr-121 (CRC) |
| STEPHEN MICHAEL BAKER, | : | |
| Defendant. | : | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTIONS FOR RECONSIDERATION AND TO CONTINUE TRIAL**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Defendant Stephen Michael Baker's Motion for Reconsideration of the Court's Opinion and Order Denying Motion to Compel Discovery on Claim of Selective Prosecution, ECF No. 50, and accompanying Motion to Continue Trial, ECF No. 51. This Court correctly held that the defendant has not made a sufficient showing to support his motion to dismiss on selective prosecution grounds or to compel discovery on a selective prosecution claim. The defendant's motion for reconsideration provides no basis to change that conclusion, much less to do so on the eve of trial and force a continuance. The defendant's dilatory motions should be denied.

**I.     Background**

The defendant's motions come a week after missing the deadline to provide his exhibits to the government, and less than a fortnight from the start of trial. On January 6, 2021, the defendant knowingly joined a violent mob that overran the United States Capitol. He was arrested in this matter on March 1, 2024, and charged by information on March 7, 2024. ECF Nos. 5, 8. The defendant pled not guilty to each offense on April 3, 2024. On June 7, 2024, following a status conference, this Court ordered trial to begin on November 12, 2024. ECF No. 27 (Pre-Trial Order).

On July 23, 2024, the defendant filed a motion to continue trial based on its timing shortly after the 2024 presidential election. ECF No. 30. On August 23, 2024, this Court denied that motion, noting that it "anticipates that it will be able to empanel an impartial jury following voir dire in this case notwithstanding publicity surrounding January 6th or the timing of the trial relative to the upcoming Presidential election." Minute Order (Aug. 23, 2024).

On August 30, 2024, the defendant moved to dismiss the information on selective prosecution grounds, or in the alternative, to compel discovery related to his selective prosecution claim. ECF No. 39. The Court denied that motion on October 25, 2024.

The government has been diligently preparing to try this case on November 12. Consistent with this Court's Pre-Trial Order, the government provided the defense with its exhibit list and exhibits on October 21, 2024. *See* ECF No. 27 at 3.[1] The government also provided the defense with a proposed statement of the case to be read to prospective jurors, as well as proposed voir dire questions, *see id.* at 2, before the defense submitted with the Court a signed waiver of jury trial on October 28 and reiterated his intent to proceed by bench trial the same day in his motion to appear by videoconference for the pretrial conference, ECF No. 49 at 2. The government has also been meeting with likely witnesses and preparing for their testimony at trial.

On October 28, 2024, the defendant moved to hold the upcoming pretrial conference, scheduled for November 6, by videoconference. ECF No. 49. Defense counsel represented in that motion that "[i]t does not appear that there any substantive motions to be resolved at the Pretrial Conference." *Id.* at 2. The day after the Court granted his motion for a remote hearing, however,

---

[1] The defense has not provided the government with any exhibits it intends to use in its case-in-chief, and accordingly, the government has no objections to file. *See* ECF No. 27 at 3.

the defendant moved for reconsideration of this Court's order denying his selective prosecution motion and to continue the trial date indefinitely. ECF Nos. 50, 51.

## II.     Legal Standard

The Federal Rules of Criminal Procedure do not provide for motions for reconsideration in criminal cases. *United States v. Hassanshahi*, 145 F. Supp. 3d 75, 80 (D.D.C. 2015). Regardless, courts in this District have entertained such motions "as justice requires." *Id.* "In order for justice to require reconsideration, logically, it must be the case that[] some sort of 'injustice' will result if reconsideration is refused." *Cobell v. Norton*, 355 F. Supp. 2d 531, 540 (D.D.C. 2005).

This standard does not permit reconsideration where a party merely seeks "'an opportunity to reargue facts and theories upon which a court has already ruled." *Hassanshahi*, 145 F. Supp. 3d at 80-81 (quoting *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995)). Rather, it is well-settled that "litigants who 'have once battled for the court's decision[] should not be permitted to battle for it again.'" *United States v. Caldwell*, 2022 WL 203456, at *1 (D.D.C. Jan. 24, 2022) (quoting *Arias v. DynCorp.*, 856 F. Supp. 2d 46, 52 (D.D.C. 2012)). The party moving for reconsideration bears the burden of meeting this standard, and failure to do so warrants denying the motion. *Id.* at *1.

## III.    Argument

The defendant's motion for reconsideration does little more than recycle and repackage old arguments which this Court has already considered and rejected. With the trial date a week away, the Court should not expend further resources re-addressing them. The motion also fails on the merits, as the defendant has not made the demanding showing necessary to dismiss a criminal information for selective prosecution or to compel discovery on that issue. His motion for reconsideration is much the same as his original one—he declares his conclusion and asks this

Court to prove him wrong. The defendant's motion to continue the trial to permit time for discovery fails for the same reasons.

### A. The defendant's motion does not raise valid grounds for reconsideration.

The defendant's original motion sought dismissal or, in the alternative, discovery, based on his contention that he is being selectively prosecuted based on his political views. The defendant argued that he is a journalist, and that the government has chosen not to prosecute other journalists involved in the January 6 riot, specifically a list of 61 journalists whose initials were filed as Exhibit A to the defendant's motion. *See* ECF Nos. 39, 40. The defendant sought dismissal of the indictment, arguing in the alternative that this Court should order discovery about the government's treatment of the journalists identified in Exhibit A, contending that "[t]hrough discovery Mr. Baker will be able to identify specific individuals engaged in the same conduct about whom the Government is aware but chose to not prosecute." ECF No. 39 at 9.

In his motion for reconsideration, the defendant does not meaningfully dispute this Court's conclusion that his motion to dismiss did not make the requisite showing to justify dismissal of the indictment—i.e., that he "fail[ed] to demonstrate that the government's prosecution of him had a discriminatory effect or was motivated by a discriminatory purpose." ECF No. 48 at 4. Instead, the defendant argues that the Court should have granted his motion to compel discovery, responding to the Court's order with myriad arguments that all suffer from the same defects as his original motion.

First, the defendant contends that "the Court mistakenly states in its Order that the Defendant has only initials of media members and the organizations they work for," when in truth the defense "has" their full names and, according to the defense, the government knows their identities because "they are captured on CCTV, USCP, and third-party video in the same way as

4

the 1800 people the Government has prosecuted." ECF No. 50 at 2. But stating that the defense produced additional information about the 61 journalists to the government identified in Exhibit A does nothing to cure the defect that the Court identified in its order—namely, that the defendant has not provided the Court with "details relevant to these journalists' 'relative culpability, the strength of the case against [them], willingness to cooperate, [or] the potential impact of a prosecution on related investigations.'" ECF No. 48 at 5 (quoting *United States v. Khanu*, 664 F. Supp. 2d 28, 32 (D.D.C. 2009)) (alteration in original). The defendant's motion for reconsideration provides no more contextual details about these 61 comparators than his original motion did, and for that reason, the Court still "cannot assess whether they are 'similarly situated' to Baker." *Id.*

Second, the defendant takes issue with this Court's consideration of the defendant's statements before, during, and after his conduct on January 6 as factors that "might justify the differential treatment between Defendant Baker and other members of the media who have not been charged." ECF No. 50 at 3. The Court ruled that those statements bear on the defendant's intent, and that they are thus relevant to the elements of two of the charged misdemeanors and "legitimately bear on the government's decision to charge him." ECF No. 48 at 7. The defendant contends that "the subjective 'intent' of a defendant is not an element of at least three of the four counts," but then goes on to quote the Court's bench trials in other trials that list "intent to impede or disrupt the orderly conduct" of government business for two of the four counts. ECF No. 50 at 3, 3-6. In any case, the defendant does not identify any reason why the Court could not consider the defendant's statements, instead proffering his own arguments as to what those statements meant, why they were not disruptive, and why they do not "make Mr. Baker an[] 'active participant' as suggested by the Government." *Id.* at 9. In particular, the defendant takes issue with the government's characterization of the defendant as "antagonizing" police when he asked

5

officers, "Are you going to use that [gun] on us?"—a question he insists was earnest and a reaction to the changed atmosphere in the building after the shooting outside the Speaker's Lobby door. ECF No. 50 at 7-8. The video is inconsistent with the defendant's self-serving characterization of it, as it shows officers repeatedly shouting for the defendant and others to "get back in the hallway," while the defendant stands firm and repeats his question.[2] Even if the defendant has an alternative explanation for his statements, he does not explain why they could not "legitimately bear on the government's decision to charge him," as this Court found. ECF No. 48 at 7. In any event, the proper forum for the Court to make its own factual determinations about what the defendants' statements do and do not mean is at trial, not in the context of a motion to dismiss, where the Court "must accept as true" the facts the government alleges. ECF No. 48 at 6 n.3 (quoting *Khanu*, 664 F. Supp. 2d at 32).

Third, and finally, the defendant argues that the Court erred by requiring him to produce "direct evidence" of discriminatory purpose to justify discovery, when such evidence "is likely to not exist" and he "could not obtain [it] without access to discovery enforced by the Court." ECF No. 50 at 10. This misstates the Court's order, which held that the defendant "cites **no** evidence linking his reporting or his political views to the government's decision to prosecute him," direct or circumstantial. ECF No. 48 at 8. The Court further noted that "the complaint makes no mention of his journalism or his political views," and that his "own statements, as recounted by the government, tend to support" the explanation that the government chose to prosecute the defendant because he was an active participant in the Capitol riot. *Id.* And "discovery will not be allowed unless the defendant's evidence supports the two furcula of his selective prosecution theory [i.e.,

---

[2] *See* https://www.youtube.com/watch?v=LlXLvbk-6YY (cited at ECF No. 50 at 7) at 33:00-33:36.

discriminatory effect and discriminatory purpose]: failure on one branch dooms the discovery motion as a whole." *United States v. Lewis*, 517 F.3d 20, 25 (1st Cir. 2008). As with discriminatory effect, the defendant's motion for reconsideration does no more to demonstrate discriminatory purpose than his original motion did.

### B. A continuance is not warranted.

The defendant's most recent motion to continue offers no basis for a continuance other than his request to conduct discovery to support a selective prosecution claim. ECF No. 51. Because the defendant has not raised valid grounds for reconsideration, a continuance is therefore not warranted. Furthermore, the government would be prejudiced by a continuance at this late juncture, given the resources it has already expended in preparation for trial, including making travel and other logistical arrangements for witness availability. Trial should proceed as scheduled on November 12, 2024.

### IV.   Conclusion

For the foregoing reasons, the defendant's motions for reconsideration and to continue the trial should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   */s/ Isia Jasiewicz*
MONIKA (ISIA) JASIEWICZ
Assistant United States Attorney
D.C. Bar No. 1024941
United States Attorney's Office
District of Columbia
(202) 714-6446
isia.jasiewicz@usdoj.gov

ADAM M. DREHER
Assistant United States Attorney
Michigan Bar No. P7246
United States Attorney's Office
For the District of Columbia
601 D Street, NW 20530
(202) 252-1706
adam.dreher@usdoj.gov