*Let this be filed.*
*Ch R Cooper U.S.D.J*
*11/8/24*



Law Offices of William L. Shipley, Jr.
Tel: (808) 228-1341
Email: 808shipleylaw@gmail.com

**November 8, 2024**

**To:**   **Honorable Christopher R. Cooper,**
         **United States District Judge**

**From:** **William L. Shipley,**
         **Attorney for Defendant Stephen Baker**
         **Case No. 24-cr-00121**

**Re: Intention to Plead Guilty to all Counts**

On November 12, 2024, Defendant Steven Baker is set for a bench trial before this Honorable Court beginning at 9:00 am.

At that time Mr. Baker intends to enter pleas of guilty to each of the charges filed against him in this matter.

There is no agreement between Mr. Baker and the Department of Justice with regard to this disposition.

1. The Charges Against Defendant Baker.

Defendant Steven Baker is charged in an Information as follows:

Count One: 18 U.S.C. Section 1752(a)(1) – Entering and remaining in a restricted building or grounds.

Count Two: 18 U.S.C. Section 1752(a)(2) – Disorderly or disruptive conduct in a restricted building or grounds.

Count Three: 40 U.S.C. Section 5104(e)(2)(D) – Disorderly conduct in a Capitol Building or Grounds

William Shipley Jr., Esq.
Re: Intention to Plead Guilty to all Counts
November 8, 2024
Page 2

      Count Four:  40 U.S.C. Sec. 5104(e)(2)(G) – Parading, Demonstrating or Picketing in a Capitol Building.

      B.   <u>Factual Basis For Guilty Pleas To Counts One, Two, Three and Four</u>.

The following facts are taken directly from the sworn Affidavit of FBI Speciale Agent Craig Noyes, filed in support of the Government's request for the issuance of a Criminal Complaint and Arrest Warrant from this Court:

> Mr. BAKER approached the Capitol around 1:10 p.m.  Mr. BAKER passed the around the south end of the Reflecting Pool and the Garfield Monument at approximately 1:16 p.m.
>
> Mr. BAKER walked into the restricted perimeter shortly thereafter and continued toward the Capitol using the Maryland Walkway.  At approximately 1:19 p.m., Mr. BAKER recorded his approach toward a double-fence manned police line at the base of the West Plaza. Mr. BAKER moved past a black, damaged, half-fence onto steps leading up to police-positioned bicycle racks and pushed his back against that rack.
>
> Mr. BAKER did not follow instructions from law enforcement officers to move off the steps.
>
> Mr. BAKER remained on the West Plaza and recorded his surroundings with his cell phone.
>
> Mr. BAKER moved up to the Upper West Terrace with the crowd via the stairs on the northwest side of the Capitol at approximately 2:16 p.m.
>
> At approximately 2:19 p.m., Mr. BAKER entered the United States Capitol through the Senate Wing Door without lawful authorization to do so. When Mr. BAKER entered the Capitol he knew the Joint Session of Congress to certify the Electoral College votes under the Electoral Count Act was underway, and the unauthorized presence of himself and others inside the Capitol would disrupt those proceedings.
>
> Inside the Capitol Mr. BAKER travelled south into the Crypt and continued into the Memorial Door corridor. Mr. BAKER ascended stairs and walked into the Rotunda. Mr. BAKER then moved into Statuary Hall

William Shipley Jr., Esq.
Re: Intention to Plead Guilty to all Counts
November 8, 2024
Page 3

and toward the House Chamber itself. Mr. BAKER arrived in the area of the doors to the House Chamber at approximately 2:37 p.m.

While in this location tear gas was employed by law enforcement in an effort to disperse the crowd. Mr. BAKER remained in close proximity to a connecting corridor for approximately 10 minutes, moving through the gas and towards a police line.

After spending approximately 10 minutes at the location of a police line blocking access to a stairwell going to upper floors, Mr. BAKER moved past officers who were not blocking his way to descend down a stairwell approximately 10 feet away from where he had been standing, taking it down to the first floor.

After reaching the first floor Mr. BAKER walked down a hallway and around a corner where he encountered a female Capitol Police Officer in the immediate vicinity of an individual who had obviously been shot and was being attended to by other law enforcement personnel. The female Officer suggested that Mr. BAKER not linger in that location and together they walked down a corridor lined by law enforcement officers on both sides, until reaching an exit from the Capitol.

Mr. BAKER exited the Capitol at approximately 2:56 p.m. – one minute after descending from the second floor -- having been inside the building for 37 minutes.

BAKER remained on the Capitol grounds inside the restricted area for more than two hours after exiting the Capitol, continuing to capture events on his video camera.

The above-stated factual basis was provided to the Government in the evening of November 7, 2024. The factual basis is offered for the purposes set forth herein by Defendant Baker alone and does not reflect any agreement with the Government as to its contents. Both parties reserve the right to address/contest additional factual matters regarding both "offense conduct" and "relevant conduct" as part of the sentencing process.

3.   <u>Elements of the Offenses To Which Mr. Baker Is Pleading Guilty.</u>

William Shipley Jr., Esq.
Re: Intention to Plead Guilty to all Counts
November 8, 2024
Page 4

<u>Count One</u> -- Entering and Remaining on Restricted Ground without Authorization, in violation of 18 U.S.C. Sec. 1752(a)(1):

1. That the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

2. That the defendant did so knowingly.

<u>Count Two</u> – Disorderly or Disruptive Conduct in a Restricted Building or Grounds, in violation of Sec. 1752(a)(2):

1. That the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.
2. That the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.
3. That the defendant's conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

<u>Count Three</u> – Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. Sec. 5104(e)(2)(D):

1. That the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings.

2. That the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

3. Third, that the defendant acted willfully and knowingly.

<u>Count Four</u> – Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. Sec. 5104(e)(2)(G): has the following elements:

William Shipley Jr., Esq.
Re: Intention to Plead Guilty to all Counts
November 8, 2024
Page 5

      1. That the defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings.

      2. That the defendant acted willfully and knowingly.

4.    <u>Potential Penalties</u>

Mr. Baker understands that Counts One and Two are "A" misdemeanors, and that each count is punishable separately by a maximum term of up to 12 months of imprisonment; and a separate fines of up to $100,000, as well as a term of supervised release of up to 1 year.

Mr. Baker has reviewed with his counsel and understands how the United State Sentencing Guidelines might apply to his case, but also understands that the final determinations regarding the application of the Guidelines will be made by the Court at the time of sentencing. No promises ore representations have been made to him about what the final sentencing guideline calculation will be, and this decision to plead guilty is not based on any such promise or representation as to what his sentence might be as determined by the Court.

Mr. Baker further understands that Counts Three and Four are "B" misdemeanors, and that each count is punishable separately by a maximum term of up to six (6) months of imprisonment; separate fines of up to $5,000 each; or a term of probation not to exceed five years. Mr. Baker understands that the Sentencing Guidelines to not apply to "B" misdemeanor offenses.

Mr. Baker understands that there is an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

In addition, Mr. Baker agrees to pay a special assessment of $25 for each "A" misdemeanor conviction, and $10 for each "B" misdemeanor conviction – a total of $70 -- payable to the Clerk of the United States District Court for the District of Columbia.

Mr. Baker also understands that pursuant to 18 U.S.C. § 3572 and § 5E1.2 of the United States Sentencing Commission, Guidelines Manual (2023) (hereinafter "Sentencing Guidelines," "Guidelines," or "U.S.S.G."), the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation.

William Shipley Jr., Esq.
Re: Intention to Plead Guilty to all Counts
November 8, 2024
Page 6

      Mr. Baker understands that a Pre-Sentence Investigation Report will be prepared by the United States Probation Office, that he will be asked to assist in the preparation of that report by providing information to the Probation Officer and submitting to an interview. Mr. Baker understands that he and his counsel will have an opportunity to review a draft of that Report and submit comments regarding any alleged inaccuracies or corrections that might be warranted before a Final version of the Report is presented to the Court.

## DEFENDANT'S ACKNOWLEDGMENT

      I have read every page of this document and have discussed it with my attorney, William Lee Shipley, Jr. I fully understand the contents of this document and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this document fully. I am pleading guilty because I am in fact guilty of the offense(s) identified herein.

      No promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth herein. I am satisfied with the legal services provided by my attorney in connection with this Agreement and matters related to it.

Date:_____

_____
STEVEN BAKER
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

      I am the author of this document and have reviewed the matters set forth herein with my client, Steven Baker. These pages accurately and completely set forth the intentions of my client. I concur in my client's desire to plead guilty as set forth herein.

Date:_____

William Shipley Jr., Esq.
Re: Intention to Plead Guilty to all Counts
November 8, 2024
Page 7

                                                              William Lee Shipley, Jr.
                                                              Attorney for Defendant